## UNITED STATES v. GROTTKAU.

*(District Court, E. D. Wisconsin. March 12, 1887.)*

1. PERJURY—NATURALIZATION LAWS—AFFIDAVITS.
    The Revised Statutes of the United States, § 5395, which provide for punishment by fine and imprisonment where any person knowingly swears falsely in an oath or affidavit made or taken under any law relating to the naturalization of aliens, are to be construed to refer to oaths which the naturalization law requires or authorizes a party to take.

2. ALIENS—NATURALIZATION—AFFIDAVIT BY APPLICANT.
    The Revised Statutes of the United States, § 2165, relating to the naturalization of aliens, which provide that it shall be made to appear to the satisfaction of the court admitting such alien that he has resided within the United States five years at least, and within the state or territory where such court is at the time held one year at least, but that the oath of the applicant shall be in no case allowed to prove his residence, are to be construed as a prohibition forbidding the taking of the oath of the applicant himself as proof of his residence, and not a provision merely that the oath of the applicant shall be regarded as insufficient for the purpose.

3. PERJURY—EXTRAJUDICIAL OATH—NATURALIZATION LAWS.
    An oath made by an applicant under the naturalization laws, that he has resided in the state in which his application is made for one year next preceding the same, is extrajudicial, and not authorized by section 2165 of the Revised Statutes of the United States. and such applicant cannot be convicted on a charge of perjury for the same, brought under section 5395 of said Revised Statutes.

[1] Reported by C. Berkeley Taylor, Esq , of the Philadelphia bar.

4. SAME—WHAT CONSTITUTES OFFENSE—MATERIALITY.

Where an oath is taken or made in a judicial proceeding by a party whose testimony is not competent, but is admitted, not by an excess in the exercise of jurisdiction, but by an error in judgment on the part of the court, which testimony becomes material in the cause, perjury may be assigned for false swearing; but where the oath is extrajudicial, and not required or authorized by law, perjury cannot be so assigned.

On Demurrer to Indictment for Perjury.

*A. K. Delaney*, for the United States.

*N. S. Murphey*, for defendant.

DYER, J., (*orally.*)   At a late session of the grand jury, the defendant was indicted for perjury under section 5395 of the Revised Statutes of the United States, which provides that, "in all cases where any oath or affidavit is made or taken under or by virtue of any law relating to the naturalization of aliens, or in any proceedings under such laws, any person taking or making such oath or affidavit who knowingly swears falsely, shall be punished by imprisonment not more than five years, nor less than one year, and by a fine of not more than one thousand dollars." The indictment contains a single count, from which it appears that the perjury assigned consisted in swearing, at the time of the defendant's application to become a citizen of the United States, that he had resided within the state of Wisconsin for one year next preceding his application. Various objections to the insufficiency of the indictment have been made and argued by counsel, only one of which the court finds it necessary to consider.

Section 2165 of the Revised Statutes, relating to the subject of naturalization, and to which reference must be had in connection with section 5395, in determining the question in judgment, provides that an alien may be admitted to become a citizen of the United States in the following manner, and not otherwise:

"*First.* He shall declare on oath, before a circuit or district court of the United States, or supreme court of the territories, or a court of record of any of the states having common-law jurisdiction, and a seal and clerk, two years at least prior to his admission, that it is *bona fide* his intention to become a citizen of the United States, and to renounce forever all allegiance and fidelity to any foreign prince, potentate, state, or sovereignty, and particularly by name to the prince, potentate, state, or sovereignty of which the alien may be at the time a citizen or subject. *Second.* He shall, at the time of his application to be admitted, declare on oath, before some one of the courts above specified, that he will support the constitution of the United States, and that he absolutely and entirely renounces and abjures all allegiance and fidelity to every foreign prince, potentate, state, or sovereignty, and particularly by name to the prince, potentate, state, or sovereignty of which he was before a citizen or subject; which proceedings shall be recorded by the clerk of the court. *Third.* It shall be made to appear to the satisfaction of the court admitting such alien that he has resided within the United States five years at least, and within the state or territory where such court is at the time held, one year at least; and that during that time he has behaved as a man of a good moral character, attached to the principles of the constitution of the United States, and well disposed to the good order and happiness of the same; but the oath of the applicant shall be in no case allowed to prove his residence."

This section contains other provisions upon the subject of naturalization, but these are all that it is necessary here to consider. It is to be observed, in the first place, that, under section 5395, to make a case of perjury, the oath or affidavit must be made or taken under or by virtue of the law relating to the naturalization of aliens. This, I take it, means an oath which the law relating to naturalization requires or authorizes the party to take. That I think is the fair sense and meaning of the language used in section 5395. Now, recurring again to section 2165 of the naturalization statute, we find that the second subdivision of that section expressly declares what the applicant himself shall state under oath, when he makes his application to be admitted to become a citizen. That subdivision provides that he shall declare on oath, before some one of the courts specified, that he will support the constitution, and that he renounces and abjures all allegiance and fidelity to every foreign prince, potentate, state, or sovereignty, etc. These are the declarations which the statute thus expressly requires *him personally* to make under oath, as a preliminary to his admission as a citizen of the United States. Then, when we come to the third subdivision, we find that its language is not that *he* shall declare on oath certain facts in relation to his residence, but that *it shall be made to appear* to the satisfaction of the court admitting such alien that he has resided within the United States five years at least, and within the state or territory where such court is at the time held one year at least; and the closing sentence in the section declares, without qualification, that the oath of the applicant *shall in no case be allowed to prove his residence.* This is, in effect, a prohibitory clause, forbidding the taking of the oath of the applicant himself as proof of his residence; the evident object of the law being to require other proof than that of the oath of the applicant upon that subject.

This being the statutory provision as enacted by congress, we have to apply to the case, in the interpretation of the statute, the familiar and elementary principle that, to constitute perjury, the oath or affirmation must be material, or, as it is stated in the opinion of the court in the case of *Silver* v. *State,* 17 Ohio, 368, it must be required by or have some effect in law. Further, it is elementary that perjury cannot be assigned of an oath which is extrajudicial. Now, applying this rule of law, in connection with the statutory provision cited, to this indictment, how stands the case? As we have seen, the oath which the defendant is alleged to have taken, and which is set out in the indictment, and therein alleged to have constituted the perjury complained of, is an oath that he had resided within the state of Wisconsin one year prior to the making of the application for naturalization. And we find that this was an oath which the statute expressly declared the court should not receive—for that is its effect—as proof of residence. This statutory declaration, that the oath of the applicant shall in no case be allowed to prove his residence, is not equivalent to a statement that the oath shall not be sufficient proof of residence. It is, as I interpret it, absolutely prohibitory, and makes such an oath, when taken by the applicant, of no weight in

law as proof of residence. This is the construction which it seems to me the court must place upon the language used. The things which the applicant in such a case is required to himself state on oath are those contained in the second subdivision of the section.

But, when the question of residence arises, congress has provided that certain facts shall appear in relation thereto from some other source than the oath of the applicant; the language of the subdivision being that *it shall be made to appear* to the satisfaction of the court that the applicant has resided, etc.; that is, it shall be made to appear by some other evidence than the oath of the applicant, which, the statute emphatically says, shall in no case be allowed to prove residence.

Upon investigation of this question, the court has found a class of cases where, for example, in the trial of a cause, the evidence of a witness may be incompetent; but the court, committing an error of judgment on the question of competency, may admit it, and in such case it has been held that, although the testimony was in fact incompetent, still, as the court was not forbidden to receive it, and merely erred in its judgment in receiving it, if the witness makes false statements while giving such incompetent testimony, perjury may be assigned upon such false testimony. I have before me a few examples taken from this class of cases.

In *Sharp* v. *Wilhite*, 21 Tenn. 434, the trial court held that, if a certain oath was not administered to a witness in the words of an act of the assembly, it was an extrajudicial oath, upon which a person could not be convicted of perjury, if the oath was false. The supreme court held this ruling to be error, saying in its opinion:

"Although the witness was not competent to prove his own account, if he could prove it by another witness, yet, as the defendant waived the question of competency, the evidence of the plaintiff as to the justice of the account was as material as it would have been had no objection to its competency existed."

In that case it appeared that the defendant waived the question of the competency of the testimony, and therefore the court held the evidence of the plaintiff, as given on the trial, to be material. Aside from the point of waiver, enough appears in the opinion to bring the case within the class of cases to which the court has referred, namely, cases where incompetent evidence has been received in the course of the trial; and upon the question arising as to whether the party who gave that testimony committed perjury, the testimony being found to be false, it was held that he did.

*Chamberlain* v. *People*, 23 N. Y. 85, is another case wherein it was held that, although testimony that was admitted was incompetent, and although the referee — for it was a case before a referee — erred in receiving it, still its admission did not render it immaterial. And in all the cases belonging in this class it will, I think, be found that the courts have held that, although the testimony, according to the rules of evidence, was incompetent, yet it was material to the issue that was being tried.

Another case to which I might refer is *Van Steenbergh* v. *Kortz*, 10 Johns. 166, the syllabus of which is this:

"In an action of slander for charging the plaintiff with having sworn falsely and committed perjury in swearing out an attachment before a justice of the peace, it was held that, as the statute authorized the justice to issue the attachment on satisfactory proof, it was left to his discretion to decide on the proof; and where he took the oath of the party, which was not legal evidence, this was held an error of judgment, and not an excess of jurisdiction, and the proceeding was therefore erroneous only, not void; and perjury may be assigned on an oath erroneously taken, especially while the proceedings remain unreversed."

The court in its opinion in this case say:

"We think, therefore, that the oath of the creditor applying," [that is applying for the attachment,] "was not the satisfactory proof intended by the act, and that the attachment issued without the requisite proof. It was, however, a question within the jurisdiction of the justice what was satisfactory proof, for the statute had not defined it. He was *ex necessitate* and *de jure* to judge and determine what was to him satisfactory proof; and if he made a mistake in judging of the proof, as he would have done in admitting a paper purporting to be a letter of the debtor, without evidence of the handwriting, it was a case of error of judgment, and not of excess of jurisdiction."

Here, as we see, the court put stress upon the point that the question, what was satisfactory proof, was one upon which it was the right and duty of the court to pass, because the statute had not defined what should be satisfactory proof. But in the case at bar we find that the statute on the subject of naturalization has in effect declared what shall be, or rather what shall not be, the requisite and legal evidence of residence, since it prohibits the admission or allowance of the oath of the applicant to prove residence. So the distinction between the case in 10 Johns. and the case at bar is quite apparent, and the remark applicable to the case cited is applicable to all the cases of the class to which it belongs, namely, that they were cases in which it was within the power and authority of the court, and, indeed, its duty, to determine whether the testimony offered was competent and admissible.

To none of them, so far as I have been able to ascertain, was there applicable, as here, a statutory provision which precluded the court from allowing the testimony offered; and it remained as a mere matter of judgment on the part of the court, in performing its duty on the trial, whether the evidence should be admitted or not.

Now, we have another class of cases to which belongs the case which I have before referred to, of *Silver* v. *State*, 17 Ohio, 368,—cases in which the principle has been applied that the false oath, to constitute perjury, must not be extrajudicial, but must be material to the question at issue, or be required by or have some effect in law. And in the case just cited it was held that if a bill in chancery does not require an answer thereto to be made under oath, and a sworn answer is nevertheless made, even though the oath be false, perjury cannot be assigned on it, because the making of the oath was not material; it was not called for nor required by the bill.

Again, in the case of *Lamden* v. *State*, 5 Humph. 83, there was a reference to a clerk and master to take an accounting of the indebtedness of an insolvent estate, summoned at the instance of complainant, a creditor, and such creditor swore falsely that no money had been paid on a note held by him against the estate; and it was held that no perjury was committed by the taking of that oath, although the oath was false, because it was not an oath which was required in or under the proceedings which transpired before the clerk and master. There was nothing in the order of the court appointing them as referees to take and state the account which authorized or required them to administer oaths to witnesses or parties who should come before them, and therefore the voluntary taking of the false oath in question did not constitute perjury. I find the rule laid down by Mr. Bishop in his work on Criminal Law as elementary, that, if the testimony of the witness can have no weight in law as affecting the issue, then it is not perjury, on the familiar ground that it is immaterial.

I now refer to the case of *State* v. *Helle*, reported in 2 Hill, (S. C.) 290; and, as the statement of the case and opinion of the court are very brief, I will read them in full. The statement of the case is as follows:

"This was an indictment for perjury in an affidavit filed with a petition by the defendant to the court of common pleas for naturalization under the act of congress. The perjury was assigned on the defendant's oath that he had resided in the state two years previous to his application. The jury found a verdict of guilty, and the defendant appealed on several grounds. The only one, however, which it is necessary to notice, and that on which the case was decided, was in arrest of judgment; that perjury cannot be assigned on the oath, as it is immaterial, because the act of congress expressly excludes the oath of the applicant as evidence of his residence."

The court in its opinion says:

"We are clear that the motion in arrest of judgment must be granted. The act of congress of 1802" [which is the statute we are considering] "is express that the oath of the applicant shall in no case be allowed to prove his residence. It might be argued, as in the case of *Van Steenbergh* v. *Kortz*, 10 Johns. 170, in which an attachment was granted on the oath of the party who was not competent to make it, that, if a witness incompetent from interest or any other cause is sworn on a trial, or if a party be examined in his own cause, and swear falsely, he is no less guilty of perjury than the most competent witness. This is true, but I cannot suppose that the oath of the defendant was received in support of his application. It is made the duty of the court not to receive it. Other evidence, such as the act allows, was annexed to the application; and I cannot suppose that the court at all considered the defendant's oath, or that it had any effect in supporting the application. It was merely voluntary and impertinent, as if a party filing a declaration in the court of common pleas should think proper to make oath of its truth. The motion in arrest of judgment is granted."

This is a case precisely in point upon the very question here in judgment; and I must say, as the court said in the case of *State* v. *Helle*, that I cannot suppose, in the face of this clause in the third section of the naturalization statute, that the oath of the defendant in relation to his residence was received by the court, or had any effect in support of

his application to be admitted to citizenship. The court was not allowed, but was forbidden by the statute to receive it. And I must presume that the court was controlled in its disposition of the application by the provisions of this statute, and therefore that this was an extra-judicial oath, one which was not required or authorized by the law relating to the naturalization of aliens.

In conclusion, for the reasons stated, the demurrer to the indictment must be sustained, and the defendant discharged.